```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**MARC ANTHONY JAMES ARNOLD**  :  CIVIL ACTION
       **v.**  :
**WARDEN DALE MEISEL, et al.**  :  NO. 13-2157

<u>MEMORANDUM</u>

**JOYNER, J.**                                                      **MAY 14, 2013**

    Marc Anthony James Arnold, a prisoner incarcerated at the State Correctional Institution at Camp-Hill ("SCI-Camp Hill"), filed this civil rights action, pursuant to 42 U.S.C. § 1983, against 45 defendants.  Currently before the Court is plaintiff's notice to the Court.  In that notice, plaintiff, who is seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, provided the Court with his prison account statement dating back to January 8, 2013, and requested an extension of time to provide a copy of his account statement from Lehigh County Prison, where he was previously incarcerated, so as to satisfy 28 U.S.C. § 1915(a).  After further review, the Court concludes that plaintiff is ineligible to proceed <u>in</u> <u>forma</u> <u>pauperis</u> because he has accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g).  Accordingly, plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied without prejudice to plaintiff reinstating the case by paying the filing fee.

    According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted,

1

must be denied <u>in</u> <u>forma</u> <u>pauperis</u> status unless he was in imminent danger of serious physical injury at the time that the complaint was filed.  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).  Plaintiff accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action.  <u>See</u> <u>Arnold v. Oneal</u>, Civ. A. No. 10-695 (E.D. Va.) (dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); <u>Arnold v. Ulhman</u>, Civ. A. No. 694 (E.D. Va.) (same); <u>Arnold v. Va. Corr. Dietary Program</u>, Civ. A. No. 10-660 (E.D. Va.) (same); <u>Arnold v. Duncan</u>, Civ. A. No. 10-658 (E.D. Va.) (same);[1] <u>see also</u> <u>Byrd v. Shannon</u>, — F.3d — , 2013 WL 1760848, at *8 (3d Cir. Apr. 25, 2013).  Accordingly, plaintiff may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> unless he was in imminent danger of serious physical injury at the time he filed his complaint.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations.  <u>Gibbs v. Cross</u>, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted).  "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action."  <u>McKelvie</u>, 239 F.3d at 313.  "Someone whose danger has passed cannot reasonably be described as someone

---

[1]The complaint in this action confirms that plaintiff was incarcerated in Virginia at the time the complaints in the Virginia actions were filed.

2

who is in danger, nor can that past danger reasonably be described as imminent." Id. (quotations omitted).

Here, the complaint asserts various constitutional claims in connection with plaintiff's incarceration at several prisons in Pennsylvania. Plaintiff was charged with murdering a member of the Pennsylvania chapter of the Bloods. As a result, members of the Bloods gang put a hit on him. Plaintiff was incarcerated at the Lehigh County Prison from June 30, 2010, through March 30, 2011. During that time, he was repeatedly assaulted and harassed by members of the Bloods gang. He was also kept in administrative segregation for a period of approximately six months.

On March 30, 2011, plaintiff was transferred to the Berks County Prison. He claims that his religious materials were taken from him, he was placed on "security threat alert" due to his religion, he was fed food loaf for every meal five days a week, and he was forced to sleep on a concrete slab. He also claims that he was repeatedly assaulted and/or harassed by several correctional officers.

In October of 2011, plaintiff was transferred back to Lehigh County Prison. He claims that he was harassed by correctional officers, who also allegedly tampered with his food tray. He further claims that he sought protective custody, but that his request was only granted in part, and that he was denied medical care in retaliation for lawsuits that he previously filed against the prison.

According to the publicly available docket for plaintiff's underlying criminal case, he was convicted of third-degree murder in the Lehigh County Court of Common Pleas and sentenced to a minimum of 20 years of imprisonment on November 2, 2012.[2] CP-39-CR-0003221-2010.  Around that time, plaintiff was transferred to the custody of the Pennsylvania Department of Corrections ("DOC").  He has apparently remained in DOC custody since then, with the possible exception of a brief period around February 13, 2013, when he was assaulted by an inmate while "on a writ" to another prison.[3]  While in DOC custody, plaintiff has been incarcerated at the State Correctional Institution at Graterford, and, more recently, the State Correctional Institution at Camp-Hill.  At those institutions, he was placed in protective custody, where he is apparently still housed.  He is dissatisfied with his housing because he is "forced to deal with the same punitive status as disciplinary status and security threat status inmates."  He also claims that he is being denied access to the courts.  Plaintiff asserts that there should be a separate housing unit or a separate prison for inmates in protective custody.

In light of the aforementioned standard under § 1915(g), the only allegations sufficient to establish that plaintiff was under

---

[2]Plaintiff's appeal is currently pending in the Superior Court.  299 EDA 2013.

[3]It appears that plaintiff was on a writ to Lehigh County Prison, as the complaint references "3C," which appears to be the unit where plaintiff was housed while incarcerated there.

a threat of serious physical injury are those pertaining to Lehigh County Prison and Berks County Prison.  However, those dangers have passed, as plaintiff has been in DOC custody since November of 2012, with the limited exception of what appears to have been a visit back to the Lehigh County Prison in February of 2013.  At the time he filed this action in April of 2013, he was incarcerated at SCI-Camp Hill.  The only allegations relevant to that prison are his assertions that he is being housed in "punitive" conditions while in protective custody and denied access to the court.  Those allegations do not establish that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.  Nor is there any suggestion that plaintiff is expected to return to Lehigh County Prison or Berks County Prison in the near future.

Accordingly, the Court will deny plaintiff's motion to proceed in forma pauperis without prejudice to his reinstating this case by paying the filing fee.  Plaintiff's request for an extension of time to provide the missing portions of his prison account statement is denied as moot.  An appropriate order follows.